**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

FLORIN POPOV, on his own behalf and
others similarly situated

    Plaintiff,

v.                                                    Case No:  2:12-cv-123-FtM-99SPC

GEORGE & SONS TOWING, INC.,
GEORGE MARTIN and DEBRA
MARTIN,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court on the Plaintiff's Renewed Motion to Compel Answers to Interrogatory NOS. 8, 12, 13, and 15 of Plaintiff's First Set of Interrogatories and Request NO. 28 of the Plaintiff's First Request for Production (Doc. #41) filed on November 8, 2012. The Defendants George and Sons Towing, Inc., and George and Debra Martin filed their Response in Opposition (Doc. # 48) on November 27, 2012. The Motion is now fully briefed and ripe for the Court's review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a).

Whether or not to grant the motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves the Court to compel answers to Interrogatory numbers 8, 12, 13, 15, and Request for Production number 28.  The Court will address the interrogatories and request for production in order.

<em><u>Interrogatories</u></em>

Interrogatory number 8 asks for

> If Defendants or any entity owned in whole or in part by either Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation within the past 10 years, state the name of the claimant for the suit, claim and/or investigation, the result of the suit, claim and/or investigation and describe in detail the factual basis of the suit, claim and/or investigation.

The Defendant objected to Interrogatory number 8 arguing that the request was vague, unduly burdensome and overly broad in that it seeks out any information about any entity owned in whole or in part that has been investigated or sued by the Department or Labor or has had a wage claim filed against it.

The Defendant's objection is well taken in part.  The FLSA has a maximum statute of limitations limiting claims past three years old or older. 29 U.S.C. § 255(a).  Thus, the time frame for Interrogatory number 8 is overbroad.  The Interrogatory is also overbroad in that it asks for any and all entities owned in whole or in part by the Defendants.  Other entities are not the subject of this lawsuit and therefore, any request beyond George and Sons Towing, Inc. would be considered overboard and a fishing expedition.  However, whether or not the Defendants have been investigated by the Department of Labor (DOL) is relevant in that it goes to the accused willful and reckless behavior on the part of the Defendants.  Whether such evidence is admitted in trial is a matter for the Court to determine at a later date.  Thus, the

Motion to Compel Interrogatory number 8 is due to be modified and restricted to any DOL investigations into George and Sons Towing from 2009 up the filing of the instant litigation.

Interrogatory number 12 asks the Defendants to

> Please identify all current and former employees of Defendants whose duties were similar to those performed by Plaintiff for Defendants and who were compensated in a manner similar to Plaintiff between March, 2009 and the present. For all such individuals, please provide their job title, dates of employment, and last known mailing address and telephone number and e-mail address.

Similarly Interrogatory number 13 requests the Defendants

> Please identify all current and former employees of Defendants whose duties were similar to those performed by Plaintiff for Defendants and who were compensated in a manner similar to Plaintiff between March, 2010 and January, 2012. For all such individuals, please provide their job title, dates of employment, and last known mailing address and telephone number.

The Defendant argues that Interrogatories numbers 12 and 13 seek irrelevant information and are not reasonably calculated to lead to admissible evidence. The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).

The Defendant's objections are overruled, the Plaintiff has good cause to seek others who worked for the Defendants in the same or similar capacity. <u>Franco v. Bank of America Corp.</u>, 691 F. Supp. 2d 1324, 1326 (M.D. Fla. 2010) (allowing the plaintiff to investigate through discovery if there were others similarly situated to the plaintiff who worked for the defendant). However, as drafted, the Interrogatories numbers 12 and 13 are overly broad in that they seek

other similarly situated employees who work for the Defendants.  The Martin Defendants may have other businesses but the only business entity at issue in this case is George and Sons Towing, Inc.  Thus, Interrogatories numbers 12 and 13 are limited to similarly situated employees at George and Sons Towing from 2009 until the filing of this litigation.

Interrogatory number 15 asks the Defendant to:

> Identify all individuals employed by Defendants at the same location(s) where Plaintiff performed work for Defendants between March, 2009 and January, 2012, and state the job titles, dates of employment, and last known address and telephone number and e-mail address of all such individuals.

The Defendant objected to Interrogatory number 15 arguing [t]hat it seeks irrelevant information and it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request on the basis that it is overly broad and unduly burdensome. Moreover, it seeks private employee contact information.  Further, Plaintiff's counsel appears to be attempting to use this litigation as an improper forum to seek other potential plaintiffs.

The Defendants' objection is well taken.  Discovery into other employees who occupied positions that are not similarly situated to the job performed by the Plaintiff is overboard and not reasonably calculated to lead to admissible evidence in this case and the Motion to Compel an answer to Interrogatory number 15 is due to be denied.

### *Request for Production*

Request for Production number 28 asks the Defendant to produce:

> With respect to any audits, reconciliations, reviews or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 2002 of the corporate Defendant or any entity owned in whole or in part by any Defendant in this case, produce all correspondence, reports, schedules, work papers, opinions and other documents that relate or pertain to said inquiry by the DOL of Defendant's compensation practices.

The Court modified the Motion to Compel Interrogatory number 8 because its scope and reach is overbroad. Since Request for Production number 28 requests the Defendant to produce documents related to Interrogatory number 8, the Motion to Compel is due to be modified along the same lines as Interrogatory number 8. Therefore Request for Production number 28 is limited in scope to any DOL investigations into George and Sons Towing from 2009 until the date of the filing of the instant litigation.

Thus, after reviewing the Parties memoranda of law, the Court finds the Motion to Compel should be granted in part, denied in part and modified in part.

Accordingly, it is now

**ORDERED:**

The Plaintiff's Renewed Motion to Compel Answers to Interrogatory NOS. 8, 12, 13, and 15 of Plaintiff's First Set of Interrogatories and Request NO. 28 of the Plaintiff's First Request for Production (Doc. #41) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff's Renewed Motion to Compel Answers to Interrogatory NOS. 8, 12, 13 is **GRANTED** but **MODIFIED** so that the Interrogatories only apply to George and Sons Towing and are restricted to the years from 2009 up to the start of the instant litigation.

(2) The Plaintiff's Renewed Motion to Compel Answers to Interrogatory number 15 is **DENIED**.

(3) The Plaintiff's Renewed Motion to Compel Request for Production number 28 is **GRANTED** but **MODIFIED** so that the production of documents only applies to investigations by the DOL involving George and Sons Towing and is restricted to the years from 2009 up to the start of the instant litigation.

(4) The Defendant has up to and including **December 26, 2012**, to Answer the Interrogatories and Produce, if any, the requested documents.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of December, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record