UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORIN POPOV, on his own behalf and
others similarly situated

    Plaintiff,

v.                                           Case No: 2:12-cv-123-FtM-99SPC

GEORGE & SONS TOWING, INC.,
GEORGE MARTIN and DEBRA
MARTIN,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on the Defendants, George and Sons Towing, Inc. and George and Debra Martin's Motion to Compel Better Responses and Documents Responsive to Defendants' First Request for Production to Plaintiff Popov (Doc. #45) filed on November 26, 2012. No response to the Motion has been filed by the Plaintiff.

    The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

    In this instance, the Defendants move the Court to compel the Plaintiff to provide better production to Request for Production number 5. Request for Production number 5 asks the

Plaintiff to produce all of his "federal income tax returns for the years 2009, 2010, 2011, and 2012." The Plaintiff objected to the request arguing that his tax returns were irrelevant and protected confidential information. The Defendants argue the Plaintiff's tax return is relevant because they intend to use his tax returns, should they be wrong as impeachment evidence relating to his credibility at trial.

The Plaintiff's objection that his tax returns are protected confidential evidence lacks merit. The Eleventh Circuit has held that tax returns may be produced during discovery if they are clearly relevant. Maddow v. Procter & Gamble Co., Inc., 107 F. 3d 846, 853 (11th Cir. 1997). The Plaintiff also objects to the relevance of the tax returns. The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Defendant argues the Plaintiff's tax returns are relevant because they may be used to impeach the Plaintiff's credibility at trial.  The Defendants rely on United States v. Gellman, 677 F. 2d 65 (11th Cir. 1982), for the proposition that the Plaintiff's tax returns can be used for impeachment.  The Defendants' reliance on Gellman is misplaced.  The Gellman case is a tax evasion case brought by the United States against the defendant Gellman.  Thus, Gellman's tax returns were clearly relevant to the issues in that case.  Contrary to Gellman, this case involves a violation of the FLSA by the Defendants for failing to pay the Plaintiff for overtime hours worked.  His tax returns are simply not relevant to the issues in this case.

Accordingly, it is now

**ORDERED:**

The Defendants, George and Sons Towing, Inc. and George and Debra Martin's Motion to Compel Better Responses and Documents Responsive to Defendants' First Request for Production to Plaintiff Popov  (Doc. #45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of December, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record