UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORIN POPOV, on his own behalf and
others similarly situated

    Plaintiff,

v.                                                                           Case No:  2:12-cv-123-Ftm-99SPC

GEORGE & SONS TOWING, INC.,
GEORGE MARTIN and DEBRA
MARTIN,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Defendant George & Sons Towing, Inc.'s Motion to Compel New Verification Page to Plaintiff's Second Amended Answers to Defendant George & Sons Towing, Inc.'s First Set of Interrogatories (Doc. #65) filed on January 31, 2013.  Plaintiff Florin Popov filed his Response In Opposition to Defendant George & Sons Towing Inc.'s Motion to Compel New Verification Page to Plaintiff's Second Amended Answers to Defendant George & Sons Towing, Inc.'s First Set of Interrogatories (Doc. #66) on February 15, 2013. Thus, the Motion is now ripe for review.

    This case arises from an alleged overtime compensation violation pursuant to the Fair Labor Standards Act. Defendants served four (4) sets of written discovery upon Plaintiff: Defendants' First Request for Admission to Plaintiff Popov, Defendants' First Request for Production to Plaintiff Popov, Defendants' Second Request for Production to Plaintiff Popov, and Defendant George & Sons Towing, Inc.'s First Set of Interrogatories to Plaintiff Popov.

(Doc. #50). At issue in this instant matter is Defendant's George & Sons Towing, Inc.'s First Set of Interrogatories to Plaintiff Popov (Doc. #50-1). Plaintiff served his Answers to the Interrogatories on July 12, 2012. Plaintiff served his First Amended Verified Answer to Defendant's First Set of Interrogatories on November 30, 2012. (Doc. #50-2). Defendant George & Sons Towing, Inc. filed a Motion to Compel Better Responses to the Interrogatories to Numbers 14, 17, and 22 on November 30, 2012. (Doc. #50). On December 17, 2012, the Court granted the Motion in respect to Numbers 14 and 17 and denied the Motion as to Number 22. (Doc. #56).

On January 8, 2013, Plaintiff filed an Unopposed Motion for Extension of Time to Supplement Interrogatory Responses to comply with the Court's Order. (Doc. #60). That same day, the Court granted the Motion and allowed Plaintiff until January 18, 2013 to comply. (Doc. #61). On January 18, 2013, Plaintiff filed a second Unopposed Motion for Brief Additional Extension of Time to Supplement Interrogatory Responses (Doc. #61), which the Court granted (Doc. #64) on January 22, 2013. However, Plaintiff served his Second Amended Answers to Defendant's First Set of Interrogatories before the Order on January 21, 2013. (Doc. #65-1).

Defendant argues that Plaintiff's Second Amended Answers to Defendant's First Set of Interrogatories is "suspicious" because Plaintiff's verification page was signed by the Plaintiff on January 17, 2013, but Plaintiff's counsel sought an extension of time from the Court the following day on January 18, 2013. (Doc. #65, p. 4). Defendant's counsel states that he has asked Plaintiff's counsel to provide a new verification page because he is concerned that Plaintiff may not have verified the final draft of his Second Amended Answers to Defendant's First Set of Interrogatories. Plaintiff's counsel objects to providing a new verification page. Defendant moves the Court to compel the Plaintiff to provide a new verification page to Plaintiff's Second

2

Amended Answers to Defendant George & Sons Towing, Inc.'s First Set of Interrogatories and to do so within five (5) days from this Court's Order.

    Fed. R. Civ. P. Rule 33, in pertinent part, states that:

> (3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> . . .
> (5) Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Rule 33 does not speak to the timing of when the verification page is to be signed by a party or the timing of the service page by an attorney. Rather, it only states that answers to interrogatories must be made in writing, given under oath, and signed by the person giving the answers, verifying the truth and completeness of the answers. 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 33. As with original answers, supplemental answers must be verified. Knights Armament Co. v. Optical Systems Technology, Inc., 254 F.R.D. 463, 466–67 (M.D. Fla. 2008), order *aff'd*, 254 F.R.D. 470 (M.D. Fla. 2008).

    As Plaintiff's counsel correctly points out, this is not a case where interrogatory answers were unverified, improperly executed or forged, or where the attorney signed the verification page instead of the party. Plaintiff complied with Rule 33 and signed the verification page of the interrogatories answers on January 17, 2012. Defendant's counsel stated the requested extensions were sought due to family obligations and back log of work and he required additional time to review and confirm the answers. A new verification page is not necessary, nor required.

    Accordingly, it is now

    **ORDERED:**

3

Defendant George & Sons Towing, Inc.'s Motion to Compel New Verification Page to Plaintiff's Second Amended Answers to Defendant George & Sons Towing, Inc.'s First Set of Interrogatories (Doc. #65) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of February, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record