UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

FLORIN POPOV on his own behalf and others
similarly situated,

    Plaintiff,

v.                                                              Case No.  2:12-cv-123-FtM-99SPC

GEORGE & SONS TOWING, INC., a Florida
corporation, GEORGE MARTIN, individually,
DEBRA MARTIN, individually,

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF THE
DISCOVERY PERIOD**

    Defendants, George & Sons Towing, Inc., a Florida corporation, George Martin, individually, and Debra Martin, individually, (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file this Unopposed Motion for Extension of the Discovery Period, and state:

**CONCISE STATEMENT OF THE RELIEF REQUESTED**

    Due to the exceptional circumstances detailed herein, the Defendants respectfully request that the Court grant this Unopposed Motion for Extension of the Discovery Period. The Defendants respectfully request that the fact discovery deadline be extended until July 2, 2013.

## STATEMENT OF THE BASIS FOR THIS REQUEST

The Defendants request the relief herein based upon the Court's Case Management and Scheduling Order. [D.E. 47, p. 5 ¶¶ B.1, B.2] (Extension of Deadlines). The Defendants also base this request on the applicable Federal Rules of Civil Procedure and relevant case law, as detailed in the Memorandum of Law, *infra*.

## BACKGROUND

On March 2, 2012, Plaintiff Florin Popov ("Plaintiff") filed a Complaint against the Defendants, setting forth one (1) substantive count for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [D.E. 1]. On May 7, 2012, the Plaintiff filed an Amended Complaint also setting forth one (1) substantive count for unpaid overtime pursuant to the FLSA. [D.E. 17]. Plaintiff seeks back wages, liquidated damages, interest, attorneys' fees, and litigation expenses. *Id.* at *ad damnum* clause. The Defendants filed their Answer and Affirmative Defenses to the Amended Complaint on May 31, 2012. [D.E. 22].

Pursuant to the Court's Case Management and Scheduling Order, fact discovery ends on May 3, 2013. However, due to unforeseeable circumstances regarding the defense counsels' schedules, and the cooperation and understanding of Plaintiff's counsel, the Defendants seek an unopposed sixty (60) day extension of the fact discovery period.

Throughout this case, the lead defense counsel has been Kristopher W. Zinchiak, Esq. Notably, Mr. Zinchiak was also the head of the undersigned's law firm's FLSA Defense

Practice Group, and accordingly, was going to try this case. However, as of February 22, 2013, Mr. Zinchiak is no longer with the undersigned's firm. *See* [D.E. 68]; [D.E. 69].

Due to these unforeseen circumstances, Chris Kleppin, Esq. and the undersigned will now be handling the case. Accordingly, Mr. Kleppin and the undersigned need time to adequately prepare for this case, conduct further discovery, and prepare for trial, and thus, request this extension. During the first two (2) weeks of March Mr. Kleppin has been in numerous depositions for a complex Multi-District Litigation case (in which he is lead MDL counsel), which is centered in Charlotte, North Carolina. The Multi-District case has also required attorneys from Washington, D.C. to attend the depositions as well. Mr. Kleppin must also travel to California to attend a funeral with his wife and two year old son. Additionally, the undersigned also has several professional and personal obligations, upcoming trials, and is transitioning into Mr. Zinchiak's numerous cases and corresponding work-load.

This unforeseeable chain of events has consequently required the parties to adjust their litigation of this case. As such, the Defendants, with the much appreciated understanding and cooperation of Plaintiff's counsel, have re-scheduled the Plaintiff's deposition of the Corporate-Representative for over one (1) month from when originally scheduled. However, such a push-back in this deposition and other dates has inevitably affected the case's overall schedule, and hence, the Defendants now seek an extension of the discovery period.

Pursuant to ([D.E. 47, p. 5 ¶ B.2.]), the Defendants state that:

1) This Motion is unopposed;

2) Additional discovery is needed for the Defendants to depose the Plaintiff, seek any additional discovery therefrom, and for Plaintiff to seek any additional discovery from deposing the Defendants. This extension is also needed to ensure the parties have adequate time should any discovery disputes or other unanticipated events arise;

3) This extension will not affect the dispositive motion deadline and trial date;

4) Discovery conducted after the dispositive motion deadline will not be used for summary judgment purposes; and

5) The parties will not use the granting of this extension in support of a motion to extend another date or deadline.

The Defendants respectfully submit that the exceptional circumstances detailed herein establish good cause for the relief requested, and thus, the Defendants request that the Court grant this Unopposed Motion for Extension of the Discovery Period.

## **MEMORANDUM OF LAW**

Rule 6(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P.6(b)(1)(A). By its express terms, Rule 6(b) affords wide discretion to this Court to enlarge time periods. *Woods v. Allied Concord Financial Corp.,* 373 F.2d 733 (5th Cir. 1967).[1] Enlargements of time should

---

[1] *Woods* is binding authority because it was decided by the former Fifth Circuit prior to the close of business on September 30, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

be available when a party demonstrates a reasonable basis for such a request. *Beaufort Concrete Co. v. Atlantic States Constr. Co.,* 352 F.2d 460 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004 (1966). It should be also noted that in general, a district court has "inherent power to manage its docket." *Betty K. Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005).

In light of the foregoing, the Defendants respectfully submit that they have demonstrated a reasonable basis and good cause for the relief requested herein.

## CONCLUSION

In light of the circumstances presented herein, the Defendants respectfully request an extension of the fact discovery deadline until July 2, 2013.

## RULE 3.01(g) CERTIFICATE OF CONFERRAL

In accordance with Local Rule 3.01(g), the undersigned certifies that he conferred in good faith with Plaintiff's counsel regarding the instant Motion, and Plaintiff's counsel is unopposed to the relief requested herein.

        Respectfully Submitted,

    By:   s/Joshua K. Moran
        Joshua K. Moran, Esq.
        Fla. Bar No. 99061
        TRIAL COUNSEL
        Glasser & Kleppin
        Attorneys for Defendants
        8751 W. Broward Blvd, Suite 105
        Plantation, FL 33324
        Tel. (954) 424-1933
        Fax (954) 474-7405

E-mail:  jmoran@gkemploymentlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Gregg I. Shavitz, Esq. and Camar Jones, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

By:   s/Joshua K. Moran
      Joshua K. Moran, Esq.
      Fla. Bar No. 99061
      TRIAL COUNSEL
      Glasser & Kleppin
      Attorneys for Defendants
      8751 W. Broward Blvd, Suite 105
      Plantation, FL 33324
      Tel.  (954) 424-1933
      Fax  (954) 474-7405
      E-mail:  jmoran@gkemploymentlaw.com